# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 15, 2012

Lyle W. Cayce
Clerk

No. 12-30488
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL MARTIN, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CR-157-2

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Michael Martin, Jr., federal prisoner # 29422-034, appeals the district court's denial of a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on the amendment to the Guidelines that implemented the Fair Sentencing Act (FSA) of 2010. He contends that, even though he was sentenced as a career offender, § 3582(c) allows the district court to reevaluate whether, given his post-sentencing rehabilitative efforts, his sentence should be reduced. Martin appears to assert alternatively that he was not sentenced as a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

career offender.  He also complains, for the first time in his reply brief, that the government failed to carry its burden of proof at sentencing to show that he was a career offender.  We do not consider arguments raised for the first time in a reply brief.  *See United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010).

Martin was sentenced pursuant to the career offender guidelines provision, U.S.S.G. § 4B1.1.  Contrary to Martin's claim, our precedent forecloses his assertion that the career offender Guideline does not preclude a reduction of his sentence.  *See United States v. Anderson*, 591 F.3d 789, 790-91 & n.9 (5th Cir. 2009).

As the district court determined that Martin was ineligible for a reduction under § 3582(c)(2), it was not required to determine whether the 18 U.S.C. § 3553(a) sentencing factors warranted a reduction.  *See Dillon v. United States*, 130 S. Ct. 2683, 2691-92 (2010).  Moreover, the principles of *United States v. Booker*, 543 U.S. 220 (2005), and its progeny do not apply to § 3582(c)(2) proceedings.  *Dillon*, 130 S. Ct. at 2692; *United States v. Doublin*, 572 F.3d 235, 237-39 (5th Cir. 2009).  Martin's arguments based on the inapposite Supreme Court opinions in *Freeman v. United States*, 131 S. Ct. 2685 (2011) and *Pepper v. United States*, 131 S. Ct. 1229 (2011), and on inapposite extra-circuit opinions, are also unavailing.

Accordingly, the district court did not abuse its discretion in denying Martin's § 3582(c)(2) motion.  *See Doublin*, 572 F.3d at 237.  The judgment of the district court is AFFIRMED.